**David L. STARKY, Plaintiff–Appellant,**

v.

**MOYGASHEL USA, INC., Moygashel Ltd., Defendants–Appellees,**

**Lamont Holdings, Plc., Defendant.**

No. 00–7418.

United States Court of Appeals, Second Circuit.

Jan. 12, 2001.

David L. Starky, New York, NY, pro se.

Selvyn Seidel, Latham & Watkins, New York, NY; Matthew T. Martens, of counsel, for appellee.

Present FEINBERG, PARKER, Circuit Judges and COVELLO * District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

David L. Starky, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Berman, J.) entered on March 10, 2000 granting defendants' motion for summary judgment. In this diversity action, Starky alleged below that defendants breached the terms and conditions of his employment "contract" with Moygashel USA, were unjustly enriched by his services, made fraudulent misrepresentations, engaged in religious discrimination, and retaliated against him in violation of New Jersey law. Starky claims on appeal that the district court improperly granted summary judgment on his breach of contract, fraudulent misrepresentation and unjust enrichment claims. Starky additionally claims that the district court erred in refusing to allow him to conduct additional discovery pursuant to his cross-motion under Fed.R.Civ.P. 56(f).[1]

We affirm for substantially the same reasons set forth by the district court in *Starky v. Moygashel USA, Inc.*, No. 96 Civ. 1661(RMB) (S.D.N.Y. March 8, 2000).

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

* The Honorable Alfred V. Covello, of the United States District Court for the District of Connecticut, sitting by designation.

1. We note that Starky does not appeal with respect to his retaliation and religious discrimination claims against Moygashel; thus, those claims are considered abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995).