**Frank X. LoSACCO, Plaintiff–Appellant,**

v.

**CITY OF MIDDLETOWN, Sebastian J. Garafalo, George Aylward, Joseph Bibisi, John Chowaniec, and Relford Ward, Defendants–Appellees.**

**No. 371, Docket 95–7298.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 1, 1995.

Decided Dec. 5, 1995.

Frank X. LoSacco, pro se.

Carl R. Ficks, Jr., Eisenberg, Anderson, Michalik & Lynch, New Britain, CT, for defendants-appellees.

Before LUMBARD, ALTIMARI, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Frank X. LoSacco, *pro se*, appeals from a January 5, 1995 order of the United States District Court for the District of Connecticut (Kevin F. Rowe, *Clerk*, per Robin D. Tabora, *Deputy Clerk*) taxing costs in favor of the defendants as prevailing parties on a judgment that we had affirmed by summary order, *LoSacco v. City of Middletown*, No. 94–7142 (2d Cir. Aug. 16, 1994). He also appeals from a March 6, 1995 order of the district court (Thomas P. Smith, *Magistrate Judge*) denying review of the award of costs. We affirm.

## I.

In 1989, LoSacco employed a time-honored method of self-help: he got into a fight with James Smith. To LoSacco's dismay, Smith prevailed, stabbing him in the chest. Both men were arrested and prosecuted on assault charges. Smith was acquitted; LoSacco was convicted. LoSacco's conviction, however, was set aside on appeal, and the assault charge against him was ultimately dismissed.

Seeking vindication, LoSacco, *pro se*, brought an action in December, 1989 in federal court (Alan H. Nevas, *Judge*) against the City of Middletown and various individuals pursuant to 42 U.S.C. § 1983, alleging false arrest, conspiracy, and pendent state law defamation claims. After years of discovery and motions practice, the case went to trial before a jury in November, 1993.

The trial lasted eight days. At the close of LoSacco's case, Judge Nevas granted judgment as a matter of law for the defendants on the conspiracy and defamation claims. He submitted the false arrest claim to the jury. After several hours of deliberation, the jury returned a verdict for the defendants. LoSacco promptly moved for a new trial, but the motion was denied.

LoSacco then appealed, raising several issues. We found only one worthy of mention, and affirmed by summary order on July 25, 1994. The mandate did not issue, however, because we filed an amended summary order on August 16, 1994. *LoSacco v. City of Middletown*, No. 94–7142 (2d Cir. Aug. 16, 1994). On September 21, 1994, the mandate finally issued, returning jurisdiction to the district court.

Under Local Rule 17 of the United States District Court for the District of Connecticut, the successful defendants had ten days after our mandate issued to "file with the Clerk and serve on all other parties a verified bill of costs ... setting forth each item of costs that is claimed." D.Conn.Loc.R. 17(a)(1). The defendants failed to do so, missing the filing deadline by several days. Counsel for defendants then moved for leave to file the defendants' bill of costs out of time, and attached a copy of the bill of costs he proposed to file. His excuse for missing the filing deadline was that he was on his honeymoon when our mandate issued.

LoSacco opposed the motion with a "Memorandum in Opposition to Motion for Leave to File Bill of Costs and Bill of Costs." He objected to (a) the defendants' motion to file their bill of costs out of time, and (b) the proposed bill of costs attached to that motion. Although LoSacco focused almost entirely on the defendants' purported lack of good cause for not filing a timely bill of costs, he did object to some $240 in witness fees listed in the proposed bill of costs. He contended that these witnesses—police officers—had never been paid any witness fees.

Counsel for defendants filed a reply to LoSacco's opposition papers. He noted that under Local Rule 17(a), the time to file the bill of costs began to run only upon the issuance of our mandate on September 21, 1994. Conceding that the bill of costs was due on October 1, 1994, he emphasized that it was only nine days late.

Judge Nevas granted the defendants' motion to file out of time on October 19, 1994, and they filed their bill of costs that very day. Over two months went by, during which LoSacco never submitted a separate document itemizing objections to the bill of costs, as required under Local Rule 17(b). Because LoSacco had failed to file any objections, the Clerk granted all of the costs sought—some $6,700—on January 5, 1995.

LoSacco promptly moved for review of the Clerk's order, pursuant to Local Rule 17(d), arguing that the memo he filed several

months earlier should have counted as an objection to the bill of costs. At this point the procedural threads become ravelled. Although Local Rule 17(d) provides for "review of the Clerk's ruling on the bill of costs" by "the Judge before whom the case was assigned," Judge Nevas referred LoSacco's motion to Magistrate Judge Smith, presumably under 28 U.S.C. § 636(b)(1)(A) and Fed. R.Civ.P. 72(a), even though this was not a "pretrial" matter, or, alternatively, under 28 U.S.C. § 636(b)(3).

On March 6, 1995, by endorsement order, Magistrate Judge Smith "denied" LoSacco's motion because LoSacco presented "no evidence that he filed an objection to the bill of costs with *the clerk* as required by Local Rule 17(b)." The magistrate judge expressly ruled that Losacco's "objection to the defendant[s'] motion for leave to file a bill of costs was not an objection to the bill of costs."

On March 16, 1995, LoSacco filed with this Court a notice of appeal from the Clerk's order and from Magistrate Judge Smith's order. Simultaneously, he filed with the district court a motion for "reconsideration" of Magistrate Judge Smith's ruling, and an *appeal* of that ruling to the district court, presumably under 28 U.S.C. § 636(c)(4). On April 3, 1995, Judge Nevas denied both the motion for reconsideration and the "Appeal of Magistrate Judge Smith's March 6, 1995 Ruling." LoSacco never amended his notice of appeal to include Judge Nevas's April 3, 1995 order.

## II.

On appeal, LoSacco argues that his memorandum opposing the motion to file the bill of costs out of time doubled as an objection to the bill of costs ultimately filed, and that the Clerk erred by not considering it. He thus believes that he adequately objected at least to the $240 in witness fees ultimately awarded to the defendants. .

██ As a preliminary matter, it is by no means obvious that we have jurisdiction to hear this appeal. It may be supposed that the Clerk's order taxing costs, had it become final, would have been appealable. *See Farmer v. Arabian Am. Oil Co.,* 324 F.2d 359, 361–62 (2d Cir.1963) (in banc) (when "the question is not whether the district judge should have allowed or disallowed particular items of costs, but is rather whether he exceeded, and therefore abused, his discretion, a judgment solely for costs is appealable"), *rev'd on other grounds,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Here, however, it is unclear whether the Clerk's order was in fact final when LoSacco filed his notice of appeal.

LoSacco sought review of the Clerk's order under Local Rule 17(d), which directs that review of such an order go to the district judge who was assigned the underlying case. Thus, the Clerk's order was not "final" until Judge Nevas passed on LoSacco's application. Judge Nevas, however, referred LoSacco's application to Magistrate Judge Smith, who denied it. LoSacco then "objected" to that ruling by moving for reconsideration. *See* Fed.R.Civ.P. 72.

If Magistrate Judge Smith's jurisdiction derived from 28 U.S.C. § 636(b)(1)(A) (and we doubt that it did, since this was not a "pretrial" matter, *see Massey v. City of Ferndale,* 7 F.3d 506, 509–10 (6th Cir.1993)), his ruling did not become final (and thus appealable, *see* 28 U.S.C. § 1291) until Judge Nevas "overruled" LoSacco's objections by denying the motion for reconsideration. The outcome is no different if the referral to the magistrate judge was under 28 U.S.C. § 636(b)(3)—the "additional duties" catchall—since "[m]atters assigned under this provision are *not* subject to *final determination* by a magistrate judge," *Massey,* 7 F.3d at 509, at least not when a party requests review of that determination by the district court. *See Peretz v. United States,* 501 U.S. 923, 939, 111 S.Ct. 2661, 2670, 115 L.Ed.2d 808 (1991).

Either way, LoSacco's appeal to us is premature, requiring dismissal. *Cf. Massey,* 7 F.3d at 510–11 (" 'Where a magistrate judge purports to enter an order when issuance of a report and recommendation was the appropriate action, and the district court does not conduct the required review and then issue a final order, a reviewing court must dismiss the appeal but may remand the case to the district court for further proceedings.' ")

(quoting *Bennett v. General Caster Serv. of N. Gordon Co.,* 976 F.2d 995, 997 n. 2 (6th Cir.1992)).

■ It may be that the parties consented to the referral of the matter to Magistrate Judge Smith for a *binding* decision directly appealable to this Court. *See* 28 U.S.C. § 636(c)(1); Fed.R.Civ.P. 73(c). Although this would make Magistrate Judge Smith's ruling "final" under § 1291, LoSacco has no cause for celebration. The decision to award costs to a prevailing party under Fed. R.Civ.P. 54(d) rests within the sound discretion of the district court. *See Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964); *Berner v. British Commonwealth Pac. Airlines, Ltd.,* 362 F.2d 799, 801 (2d Cir.) (per curiam), *cert. denied,* 385 U.S. 948, 87 S.Ct. 322, 17 L.Ed.2d 227 (1966). There was no abuse of discretion here.

■ This is not a case where the district court summarily denied costs without explanation. *Contrast, e.g., Trans Container Servs. (Basel) A.G. v. Security Forwarders, Inc.,* 752 F.2d 483, 488 (9th Cir.1985). Neither is it a case where the district court awarded costs not authorized by statute. *Contrast, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 438–45, 107 S.Ct. 2494, 2495–99, 96 L.Ed.2d 385 (1987). Indeed, we are not even called upon to construe a Rule of Civil Procedure. Rather, LoSacco contests solely the district court's interpretation and application of its own local rule, a ruling to which we must accord considerable deference. *See In re Jarvis,* 53 F.3d 416, 422 (1st Cir.1995); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 n. 4 (7th Cir.1994).

Connecticut's Local Rule 17(b) provides that "[a]ny objections to the bill of costs shall be filed with the Clerk within ten (10) days of the *filing of the bill of costs....* In the absence of a timely objection, the Clerk *shall award costs* in accordance with the provisions of this Local Rule." D.Conn.Loc.R. 17(b) (emphasis added). Significantly, the Rule does not say that objections raised *before* a bill of costs is filed qualify as timely raised objections once the bill of costs is filed. Given the flood of papers that pours through a Clerk's office every day, we cannot characterize as an abuse of discretion the rulings that LoSacco failed to comply with Local Rule 17(b).

■ Nor does LoSacco's *pro se* status mandate reversal. Although *pro se* litigants should be afforded latitude, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), they "generally are required to inform themselves regarding procedural rules and to comply with them," *Edwards v. INS,* 59 F.3d 5, 8 (2d Cir.1995). This is especially true in civil litigation. *See McNeil v. United States,* 508 U.S. 106, ——, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (suggesting that procedural rules in ordinary civil litigation should not be "interpreted so as to excuse mistakes by those who proceed without counsel"). Moreover, this is not a case where a *pro se* litigant has stumbled into a snare found only in our case law. *Contrast Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam). Here, the rule upon which the Clerk and Magistrate Judge Smith relied explicitly *required* the Clerk to enter costs for the defendants, absent timely filed objections from LoSacco. *See* D.Conn.Loc. Rule 17(b).

■ Finally, we are not at all troubled that Judge Nevas granted the defendants' motion for leave to file their bill of costs out of time. Although LoSacco stridently opposed the motion, he did not raise this issue in his appellate brief. Consequently, he has abandoned it. *See* Fed.R.App.P. 28(a)(6) (the appellant's brief "must contain the contentions of the appellant on the issues presented"); *Bozeman v. United States,* 780 F.2d 198, 199 n. 4 (2d Cir.1985) ("Mrs. Bozeman did not raise or brief that issue in this appeal and we therefore treat that claim as abandoned."); 9 James W. Moore et al., *Moore's Federal Practice* ¶ 228.02[2.–1] (2d ed. 1994 & Supp.1995) (listing cases where issue deemed abandoned because appellant did not raise it in brief); *see also NLRB v. Star Color Plate Serv.,* 843 F.2d 1507, 1510 n. 3 (2d Cir.) (appellate court may reject any argument raised for the first time in a reply

brief), *cert. denied,* 488 U.S. 828, 109 S.Ct. 81, 102 L.Ed.2d 58 (1988).

■ Granted, appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards set forth in Fed. R.App.P. 28. *See, e.g., Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 698–99 (9th Cir. 1990). Nonetheless, we need not manufacture claims of error for an appellant proceeding *pro se,* especially when he has raised an issue below and elected not to pursue it on appeal. *Cf. McCottrell v. EEOC,* 726 F.2d 350, 351 (7th Cir.1984) (*"pro se* litigants should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument").

■ In any event, district courts may grant extensions of time in purely procedural matters like these upon a showing of "excusable neglect." Fed.R.Civ.P. 6(b)(2). We will not overturn such a ruling absent an abuse of discretion. *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 895–98, 110 S.Ct. 3177, 3192–94, 111 L.Ed.2d 695 (1990); *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). " '[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993). Rather, it may encompass delays "caused by inadvertence, mistake, or carelessness," *id.* at 388, 113 S.Ct. at 1495, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit, *see id.* at 394–95, 113 S.Ct. at 1498. However narrowly we formerly viewed "excusable neglect" in the context of a failure to file a timely notice of appeal, *see, e.g.,* 650 *Park Ave. Corp. v. McRae,* 836 F.2d 764, 767 (2d Cir.1988), that strict standard has no place here. *See United States v. Hooper,* 9 F.3d 257, 258–59 (2d Cir.1993) (overruling *McRae* in light of *Pioneer* ). We therefore cannot say that, on these facts, Judge Nevas abused his discretion by permitting the untimely filing of the bill of costs. *Cf. Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d 317, 319 (2d Cir.1986) (listing cases where excusable neglect found).

Accordingly, the orders of the district court are AFFIRMED.