Jean JOHNSON, Plaintiff–Appellant,

v.

John DOE # 1, Security Guards, et al., Defendants–Appellees.

Docket Nos. 01–7522(L), 01–7651, 01–7738.

United States Court of Appeals, Second Circuit.

April 25, 2002.

Jean Johnson, pro se, New York, NY, for Appellant.

Mark Bradford, Owen & Davis; Robert D. Owen, of counsel, New York, N.Y. for Matthew Funk and Brecher, Fishman, Pasternack, Popish, et al., Scott Schorr, Corporation Counsel's Office, Brooklyn, N.Y. for John Doe # 2, Supervisor Homeless Shelter; John Doe # 3, Police Detective of New York; Cheryl Stephens, Director of Department of Homeless Shelter; Department of Homeless Shelter; City of New York, for Appellees.

Present MESKILL, SACK and BRIGHT,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The plaintiff Jean Johnson, *pro se,* brought this action under 42 U.S.C. § 1983 alleging, *inter alia,* that (1) gross negligence on the part of her former employer Department of Homeless Shelter and its security personnel led to her assault by a former shelter resident; (2) the director of the shelter and that former resident conspired to bring criminal charges against her; (3) her employment was terminated in violation of her rights under the Constitution and New York Civil Service Law § 71 because she did not receive a pre-termination hearing; and (4) the attorneys who represented her at her workers compensation hearing failed to provide effective representation and violated her constitutional rights by presenting a false version of the alleged assault.

■ On appeal, the plaintiff disputes several rulings by the district court and magistrate judge. First, the plaintiff challenges the district court's February 5, 2001 order denying her motion for a temporary

---

* Of the United States Court of Appeals for the    Eighth Circuit, sitting by designation.

restraining order or preliminary injunction reinstating her employment at the shelter. The district court properly denied this motion because money damages would provide the plaintiff with an adequate remedy and the plaintiff did not demonstrate a likelihood of success on the merits.

Second, the plaintiff appeals the magistrate judge's March 9, 2001 memorandum and order denying her request to amend her complaint, as well as the district court's refusal to grant her leave to appeal under 28 U.S.C. § 1292(b) this interlocutory memorandum and order. As an initial matter, a district court's refusal to certify an interlocutory appeal is not appealable. *In re Master Key Antitrust Litig.,* 528 F.2d 5, 8 (2d Cir.1975); 28 U.S.C. § 1291. And because the plaintiff did not seek review in the district court of the magistrate judge's order at an appropriate stage of the proceedings, we do not have jurisdiction to review this matter. *LoSacco v. City of Middletown,* 71 F.3d 88, 91 (2d Cir.1995) (holding that a circuit court cannot review a magistrate judge's order until the district court "conducts the required review" and "issue[s] a final order" (citations and internal quotation marks omitted)). In any event, the magistrate judge's memorandum and order denying the plaintiff's motion to amend is thoughtful and thorough and by no means reflects an abuse of discretion.

The plaintiff next challenges the district court's order denying her motion to expedite her motion for judgment on the pleadings and her motion for relief from the judgment dismissing her claims against her former attorneys. We affirm the district court's ruling on these matters for substantially the reasons provided in its May 9, 2000 order.

In her papers on appeal, the plaintiff also requests that this court issue a writ of mandamus. We do not address this claim because the plaintiff's application for a writ of mandamus is not before this panel. Two prior panels of this Court have already addressed this issue and denied her application. *See* No. 00–3062; No. 00–3071.

Finally, it should be noted that all of the plaintiff's remaining claims were dismissed with prejudice pursuant to Fed.R.Civ.P. 37 for failure to comply with the court's discovery orders, and a final judgment was entered in August 2001. The plaintiff did not appeal from this final judgment.

We have reviewed all of the plaintiff's remaining claims and find them to be without merit. The judgment of the District Court is hereby AFFIRMED.