**Guy McEACHIN, Plaintiff–Appellant,**

v.

**Hans WALKER, Superintendent of Auburn, John Burge, Deputy Superintendent of Auburn, John Burns, Deputy Superintendent of Security at Auburn, G. Schick, Corrections Officer at Auburn, Defendants–Appellees.**

No. 05–0993.

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

Guy McEachin, Attica, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General (Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General of

the State of New York, on the brief), Office of the Attorney General, Albany, NY, for Appellees, of counsel.

Present: KEARSE, MINER and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff Guy McEachin, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this appeal *pro se* from the District Court's February 2, 2005 Decision & Order granting defendants' motion for summary judgment. Plaintiff brought suit pursuant to 42 U.S.C. § 1983, alleging that defendants, who are employees of DOCS, violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment and his right to due process of law pursuant to the Fourteenth Amendment by placing a plastic shield over his prison cell for thirty-six days in 2001.

Defendants moved for summary judgment, and Magistrate Judge Gustave J. DiBianco submitted a Report and Recommendation ("R&R"), in which he recommended to the District Court that summary judgment be granted in favor of defendants. The R&R concluded *inter alia* that defendants were not aware of plaintiff's claim that the shield allegedly interfered with proper ventilation in his cell. McEachin filed a "Motion to Object" in response to the R&R, and attached as exhibits two previously unsubmitted letters addressed to defendant Walker complaining of the inadequate ventilation in McEachin's cell as a result of the plastic shield. On February 2, 2005, the District Court filed a Decision & Order adopting the R&R and refusing to consider the two newly submitted letters. The District Court explained that:

[T]he Court questions the validity of these letters. One is dated June 18, 2004. It is written in the present tense and refers to current conditions. However, Plaintiff had been transferred from Auburn Correctional Facility nearly three years before this letter was written. The second letter, dated July 2, 2001, is also written in the present tense and addresses the issue of ventilation, although the July 3, 2001 letter written by Plaintiff (and attached to the Defendants' motion papers as Ex. G) makes no mention of ventilation. Neither of the letters Plaintiff now offers on his objection to the Report [&] Recommendation appeared in the series of letters appended to Defendants' motion for summary judgment or in Plaintiff's opposition to same, and neither contains the "received" stamp from the DOCS office as do the letters that Defendants attach as Exhibit G.

*McEachin v. Walker,* No. 9:01–CV–1963, Decision & Order, at 2–3 (N.D.N.Y. Feb. 2, 2005) (internal citations omitted). The District Court further determined that McEachin had failed to file an opposition to defendants' statement of material facts in compliance with Local Rule 7.1.

On appeal, McEachin contends correctly that he did indeed file a statement pursuant to Local Rule 7.1. *See* App. for Defs.-Appellees 65–67. Nevertheless, we conclude that the District Court's error was harmless, because the Court accepted and adopted the R&R, and did not abuse its discretion in refusing to consider the late-submitted letters, *see Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir.1990) (refusal to consider additional evidence proffered in the first instance after a magistrate's recommendation is within the discretion of the district court).

McEachin's principal brief on appeal does not challenge the R&R's substantive conclusions, adopted by the District Court in its Decision & Order, which established that defendants were entitled to summary judgment on the merits. Yet plaintiff submitted a "Motion to Reply to Defendants Brief" after filing his opening brief, in which he does raise such arguments.[1] Those arguments are waived, *see LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995), and in any event are without merit for substantially the reasons set forth in the R&R.

We have considered all of plaintiff's claims on appeal and conclude that they are without merit. We hereby AFFIRM the judgment of the District Court.

---

1. We granted plaintiff's motion, but he never filed a reply brief.