ROWE ENTERTAINMENT, INC., Leonard Rowe, Sun Song Productions, Inc., Jesse Boseman, Summitt Management Corporation, Fred Jones Jr., Lee King Productions, Inc., and Lee King, Plaintiffs–Appellants,

v.

The WILLIAM MORRIS AGENCY, INC., Creative Artists Agency, L.L.C., Renaissance Entertainment, Inc., Jam Productions, Ltd., and Beaver Productions, Inc., Defendants–Appellees.

No. 05–0854–CV.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Keila Ravelo, Wesley Powell, Valeria Calafiore, and Myriam Gilles, New York, NY, for Plaintiffs–Appellants.

James Roberts, Chicago, IL, and Monica McCabe, New York, NY, for Defendant–Appellee Jam Productions, Ltd.

Matthew F. Popp, New Orleans, LA, for Defendant–Appellee Beaver Productions, Inc.

Michael P. Zweig and Helen Gavaris, New York, N.Y. (The William Morris Agency, Inc.); Jeffrey Klein, Gregory Coleman, and Andrea Berner, New York, N.Y. (Creative Artists Agency, LLC); Steven Hayes and Gregory Clarick, New York, N.Y. (Renaissance Entertainment, Inc.); and Jeffrey Kessler, New York, N.Y. (Creative Artists Agency, LLC), for Defendants–Appellees booking agencies.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, and BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants ("appellants") originally brought this action on November 19, 1998, in the United States District Court for the Southern District of New York. (Patterson, *J.*) Defendants-appellees ("defendants") successfully moved to dismiss the complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6). *Rowe Entm't, Inc. v. William Morris Agency, Inc.,* No. 98 CIV. 8272(RPP), 1999 WL 335139 (S.D.N.Y. May 26, 1999). All dismissals were with leave to amend. Appellants then filed a single amended complaint, dated August 9, 1999, in the United States District Court for the Southern District of New York (Patterson, *J.*). Remaining as defendants were two concert promoters and three booking agencies. Appellants survived defendants' second Rule 12(b)(6) motion to dismiss. *Rowe Entm't, Inc. v. William Morris Agency, Inc.,* No. 98 Civ.

8272, 2000 WL 896929 (S.D.N.Y. July 6, 2000). After the completion of three years of discovery, defendants brought five individual motions for summary judgment, and one joint motion by the booking agency defendants. The district court granted every motion for summary judgment. *Rowe Entm't, Inc. v. William Morris Agency, Inc.,* No. 98 Civ. 8272, 2005 WL 22833 (S.D.N.Y. Jan. 5, 2005).

We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. The district court below wrote a very thorough and useful opinion, which carefully searched the record, discussed the pertinent facts, and examined the appellants' claims.

■ This Court reviews *de novo* the granting of summary judgment by a district court. *Pepsico, Inc. v. Coca–Cola Co.,* 315 F.3d 101, 104 (2d Cir.2002). Summary judgment is appropriate only where, "examining the evidence in the light most favorable to the nonmoving party," *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.,* 145 F.3d 543, 547 (2d Cir.1998), the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed.R.Civ.P. 56(c). A motion for summary judgment must be rejected "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Appellants do not address or raise several issues and claims set forth in their amended complaint. An argument or an issue that is not raised in the appellate brief may be considered abandoned. *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

■ Section 1981 provides, in pertinent part, that all persons "shall have the same right ... to make and enforce con-

tracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In order to succeed under § 1981, a plaintiff must present evidence to "show both that he was subjected to intentional discrimination, and that this discrimination interfered with a contractual relationship." *Krulik v. Board of Educ.*, 781 F.2d 15, 23 (2d Cir.1986) (citations omitted); *see also Runyon v. McCrary*, 427 U.S. 160, 170–71, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) ("[A § 1981] right to 'make and enforce contracts' is violated if a private offeror refuses to extend [on account of race] the same opportunity to enter into contracts as he extends to white offerees."). Discrimination claims under § 1981 are governed by the three-part test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir.1987). As to the § 1981 claims against all defendants, appellants have put forth no facts on which a reasonable juror could conclude that racial discrimination interfered with a contractual relationship.

■ Section 1985(3) makes illegal, in relevant part, conspiracies undertaken "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws" and provides for "an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3). In *Thomas v. Roach*, 165 F.3d 137 (2d Cir.1999), this Court held that "a plaintiff alleging a conspiracy under § 1985(3) must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Id.* at 147. As the district court found, there is no evidence that any alleged conspiracy was racially motivated. Appellants have put forth no evidence from which any reasonable juror could infer the existence of a conspiracy.

■ Section 1 of the Sherman Act makes illegal "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1. While most antitrust claims are analyzed under the rule of reason, some types of restraints "have such predictable and pernicious anticompetitive effect, and such limited potential for procompetitive benefit, that they are deemed unlawful." *State Oil Co. v. Khan*, 522 U.S. 3, 10, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) (citing *Northern Pacific R. Co. v. United States*, 356 U.S. 1, 5, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958)). "Conduct considered illegal *per se* is invoked ... where a defendant's actions are so plainly harmful to competition and so obviously lacking in any redeeming pro-competitive values that they are conclusively presumed illegal without further examination.... Most cases fall outside these narrow, carefully demarcated categories held to be illegal *per se*. In the general run of cases a plaintiff must prove an antitrust injury under the rule of reason." *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 996 F.2d 537, 542–43 (2d Cir.1993) (citation and internal quotations marks omitted).

Here, the district court properly applied the rule of reason analysis. Had the district court applied the *per se* analysis, however, the summary judgment motion would have been granted. There is no evidence in the record from which any reasonable juror could infer that any agreement existed.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**