**Ronald HAYES, Plaintiff–Appellant,**

v.

**NEW YORK CITY POLICE DEPART-MENT, Ken Norris, Defendants–Appellees.**

No. 06–0595–pr.

United States Court of Appeals, Second Circuit.

Jan. 16, 2007.

Ronald Hayes, pro se, 02–A–4085, Auburn Correctional Facility, Auburn, NY, for Appellant.

Sharyn Michele Rootenberg, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), The City of New York Law Department, New York, NY, for Appellees.

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. The District Court also analyzed and dismissed Hayes' claims against the NYPD as if he had properly brought them against the City of New York. Hayes waives any challenge in that respect as well.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Ronald Hayes appeals from a judgment of the District Court entered on January 12, 2006, granting summary judgment to defendants-appellees the New York City Police Department ("NYPD") and Police Officer Ken Norris on Hayes' claims of excessive force and conspiracy, which he brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and procedural history of the case.

Although we construe the submissions of *pro se* litigants liberally, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006), we think it clear that Hayes has waived any challenge to the District Court's dismissal of his claims against the NYPD [1] and the dismissal of his conspiracy claim in general.[2] *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that an issue not raised by an appellant in the appellate brief is abandoned). We therefore affirm the District Court's judgment as to those claims.

Turning to Hayes' excessive force claim against Officer Norris, we analyze claims of excessive force during the course of an arrest or investigatory stop under the Fourth Amendment's objective reasonableness test, paying "careful attention to the facts and circumstances of each particular case, including the severity of the crime at

2. Although Hayes describes his conspiracy claim in his statement of facts and references it during his discussion of his excessive force claim, he makes no mention of the District Court's treatment of the conspiracy claim and offers no reason why that treatment was incorrect.

issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Construing all evidence in the light most favorable to Hayes and drawing all permissible inferences in his favor, *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998), we cannot say, as a matter of law, that it is objectively reasonable for a police officer to strike a person in the head with a gun as he attempts with his hands in the air to walk around the officer, even if the officer is attempting to detain that person in order to "determine *if* he [is] a criminal suspect" in an armed robbery (Pl. Br. 8 (emphasis added)) and the person starts to pull away when the officer grabs him by the shoulder. We certainly cannot say that hitting an arrestee seated and handcuffed in the back of a police car with a nightstick is reasonable. The District Court's consideration of whether Hayes adduced evidence showing that Officer Norris had an "improper motive" was not relevant, because "[p]olice officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable, 'in light of the facts and circumstances confronting them, *without regard to their underlying intent or motivation.'*" *Maxwell v. City of New York,* 380 F.3d 106, 108 (2d Cir.2004) (quoting *Graham,* 490 U.S. at 397, 109 S.Ct. 1865) (emphasis added). Although "'[n]ot every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment," *Graham,* 490 U.S. at 396, 109 S.Ct. 1865 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)) (citation omitted), we are not dealing with "pushes and shoves" but allegations involving the use of a gun and nightstick. Moreover, we have permitted claims to survive summary judgment where the only injury alleged is bruising. *See Maxwell,* 380 F.3d at 108 (citing *Robison v. Via,* 821 F.2d 913, 924–25 (2d Cir. 1987)).

Because the District Court's rationale for concluding that no constitutional violation occurred was essentially identical to its rationale for concluding that qualified immunity was warranted, we do not think Hayes' appeal must fail because he did not specifically mention the issue of qualified immunity in his brief. With respect to qualified immunity, the District Court concluded that the "use of force to stop [Hayes] was reasonable." Tr. of Oral Argument, Dec. 22, 2005, at 13. Indeed, in applying the law of qualified immunity to plaintiff's version of events, defendants' brief in support of summary judgment before the District Court merely referenced its earlier argument regarding the constitutionality of the force used. But the question posed by the qualified immunity inquiry is whether the officer made a "reasonable mistake[ ] as to the legality of [his] action." *See Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Because defendants have never addressed this aspect of qualified immunity apart from the constitutionality of the underlying use of force, we decline to do so as well.

For the reasons stated above, the District Court's judgment is **AFFIRMED** in part, with respect to Hayes' claims against the NYPD and conspiracy claim in general, and **VACATED** and **REMANDED** in part, with respect to Hayes' excessive force claim against Officer Norris.