SUMMARY ORDER

Appellants William M. Greene and Karen M. Greene, pro se, appeal from the district court’s (1) grant of the Government’s motion to dismiss their complaint, “submitted as a qui tom action,” against the Internal Revenue Service (“IRS”), and (2) denial of their amended motion for preliminary injunctive relief, which sought to enjoin the IRS from assessing or collecting their federal income taxes, or otherwise enforcing the provisions of the Internal Revenue Code against them. We assume the parties’ familiarity with the *626 underlying facts, the procedural history of the case, and the issues on appeal.
In reviewing a district court’s dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court reviews factual findings for clear error and legal conclusions de novo, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs favor. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir.2008).
On appeal, the Greenes do not challenge the district court’s determination that it lacked subject matter jurisdiction over the suit based on sovereign immunity; the Anti-Injunction Act; 26 U.S.C. § 7421; and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201; and, accordingly, this Court deems any such argument waived. See Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) (“Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”); LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995) (noting that the Court “need not manufacture claims of error for an appellant proceeding pro se ”). The district court’s unchallenged determination that it lacked subject matter jurisdiction over the complaint is a sufficient basis upon which to affirm its judgment. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir.1997) (“It is beyond cavil that an appellate court may affirm the judgment of the distinct court on any ground appearing in the record.”).
The Greenes’ primary contention on appeal is that the district court erred in determining that the IRS is a federal agency and that the United States was therefore the proper defendant. Insofar as this determination can be characterized as a “factual finding,” the district court committed no clear error in finding that the IRS is a federal agency. See Morrison, 547 F.3d at 170. The district court properly treated the Greenes’ action seeking to enjoin the IRS from enforcing the provisions of the Internal Revenue Code against them as an action against the United States, given that “[t]he general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.” Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (internal quotation marks and citations omitted).
Lastly, to the extent that the Greenes’ brief can be liberally construed as sufficiently challenging the district court’s denial of their amended motion for a preliminary injunction, the court did not abuse its discretion in denying the motion. See S.E.C. v. Dorozhko, 574 F.3d 42, 45 (2d Cir.2009) (“We review the grant or denial of a preliminary injunction for abuse of discretion.”).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.