11-2075(L)
In re: English Sheppard Realty Corp.


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

In the Matter of: English Sheppard Realty Corp.*,*
> *Debtor*,

Phillip D. Miller,
> *Appellant*,

-v.-                                                    11-2075 (Lead)
                                                        11-2129 (Con)

Office of United States Trustee, New Jersey,
> *Trustee*,

Office of United States Trustee, Eastern District
of New York,
> *Appellee*.

_____

FOR APPELLANT:            Phillip D. Miller, *pro se*, Westbury, N.Y.

FOR APPELLEE:            Ramona D. Elliott, Deputy Director/General Counsel, P. Matthew
                        Sutko, Associate General Counsel, Noah M. Schottenstein, Trial
                        Attorney, Department of Justice, Executive Office for United
                        States Trustees, Washington, D.C.

                        Tracy Hope Davis, United States Trustee for Region 2, Alicia M.
                        Leonhard, Assistant United States Trustee, William E. Curtin,
                        Trial Attorney, Department of Justice, Office of the United States
                        Trustee, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Appellant Phillip D. Miller, *pro se*, appeals from the March 22, 2011 judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) affirming the bankruptcy court's April 13, 2010 order directing him to disgorge $146,000. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Our review of the orders of the district courts in their capacity as appellate courts in bankruptcy cases is plenary, "meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). We review the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error only. *In re First Cnt. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004).

To the extent that Miller argues that he should not be required to disgorge any funds, and that he is entitled to an order of compensation for his work on the bankruptcy case, his claims are barred by the law of the case doctrine. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same

2

case." *Arizona v. California*, 460 U.S. 605, 618 (1983). A panel of this Court will not generally reconsider the decision of a previous panel unless the litigant presents a "cogent and compelling reason." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). This Court has already ruled that the bankruptcy court did not abuse its discretion by ordering Miller to disgorge fees he paid to himself from the debtor's funds, or by denying his request for compensation. *See Miller v. Simpson*, 325 F. App'x 25, 28 (2d Cir. 2009) (summary order). We remanded the case only for a calculation of the amount of disgorgement. *Id.* Miller has not identified any cogent or compelling reason for reaching a different conclusion than the previous panel.

For the first time in his appellate brief, Miller argues that the lower courts erred by treating this matter as one involving a core bankruptcy proceeding, and that his constitutional rights were violated because he had a common-law lien on proceeds from the sale and, therefore, had a right to be heard by an Article III judge. Miller's arguments were raised for the first time on appeal, *see Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."), but are, in any event, without merit.

Miller does not contend that the $146,000 was incorrectly calculated, or does not constitute attorney's fees, and his other arguments are largely irrelevant to the sole issue remaining in this case---the amount of disgorgement. Further, as instructed by this Court in its prior order, the bankruptcy court explained "whether, how, and on what basis it is accounting for or requiring disgorgement of the payments related to the Lots transactions," and gave "due attention" to the transaction's benefit to the debtor. *See Miller*, 325 F. App'x at 27-28.

Finally, because Miller's brief does not mention the denial of his motion to alter or amend the judgment, he has waived any challenge to that decision. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (finding *pro se* litigant abandoned an issue by failing to raise it in his appellate brief).

We have considered all of Miller's arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk