11-3112-cv
Walters v. City Dep't of Corr.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand thirteen.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
              *Circuit Judges*.
_____

CURTIS JAMES WALTERS,

              *Plaintiff-Appellant*,

          v.                                          11-3112-cv

CITY DEPARTMENT OF CORRECTION,
STATE DEPARTMENT OF CORRECTION,
JOHN DOE, FEDERAL AGENT, S. HORNSTEIN,
S. ROMDHANIE, COURT REPORTER,

              *Defendants,*

HEATHER MANLEY, A.D.A.,

              *Defendant-Appellee.**
_____

───────────────

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR APPELLANT:        CURTIS JAMES WALTERS, *pro se*, Astoria, NY.

FOR APPELLEE:         Mordecai Newman, Larry Sonnenshein & Graham Morrison, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Curtis James Walters, proceeding pro se, appeals from the District Court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review a judgment under Federal Rule of Civil Procedure 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

We affirm the District Court's judgment substantially for the reasons stated in its order entered on July 6, 2011. See Walter v. City Dep't of Corr., No. 09 Civ. 236 (SHS), 2011 WL 2749877 (S.D.N.Y. July 6, 2011). Specifically, we conclude that Walters's claims are time-barred. The limitations period for a claim under 42 U.S.C. § 1983 arising in New York is three years. See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995). A claim accrues, and the limitations period begins to run, "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999) (quotation marks omitted). The statute of limitations on a malicious prosecution claim begins to run "when the underlying criminal action is conclusively terminated." Murphy, 53 F.3d at 548. The limitations period for Walters's claims therefore started to run, at the latest, on April 2, 2004, the day he was acquitted of the drug charges. To the extent Walters claims that he learned of his injury when a federal agent, attending his 2004 trial, stated that Walters had not killed the victim whose death served as the basis for his 1983 manslaughter conviction, his statute of limitations argument based on that claim must fail. The agent's alleged testimony occurred no later than April 2, 2004, the date of Walters's acquittal. Therefore, the limitations period terminated no later than April 2, 2007, and this action, commenced in July 2008, is time-barred.

3

Walters does not argue on appeal that the limitations period should have been tolled because he was disabled due to insanity at the time his cause of action accrued. See N.Y. C.P.L.R. § 208. He has therefore abandoned this argument. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a pro se appeal, that issues not raised in an appellate brief are abandoned).

We have considered all of Walters's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk