11-3384-pr
*Bennett v. Nesmith, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

DELVILLE BENNETT,

     *Plaintiff-Appellant*,

          v.                                        No. 11-3384-pr

TED NESMITH, Physician's Assistant, LESTER WRIGHT, Medical Doctor, Deputy Commissioner and Chief Medical Officer, sued in his individual and official capacity, TIMOTHY WHALEN, Medical Provider, Dr., sued in his individual and official capacity,

     *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**        Delville Bennett, *pro se*, Malone, NY.

**FOR DEFENDANT-APPELLEES:**        Martin Atwood Hotvet, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*; David E. Peebles, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's July 21, 2011 judgment is **AFFIRMED**.

Plaintiff-appellant Delville Bennett ("plaintiff"), proceeding *pro se*, appeals from the District Court's grant of summary judgment entered in favor of defendant-appellees Timothy Whalen and Ted Nesmith ("defendants") on plaintiff's 42 U.S.C. § 1983 claim. Plaintiff alleged that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment by refusing to respond to his complaints of persistent pain after he fell down some stairs.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

An independent review of the record and relevant case law reveals that the District Court properly adopted the Magistrate Judge's recommendation to grant the motion for summary judgment. Plaintiff was required to exhaust his administrative remedies by filing a grievance addressing the claims alleged in the complaint before commencing this lawsuit; however, the grievance upon which plaintiff relies in his brief was filed six months before the injury giving rise to the instant claims. With regard to the merits, plaintiff has failed to show a genuine dispute over either prong of his deliberate indifference claim: his injury was not sufficiently serious to constitute an Eighth Amendment violation, and defendants did not consciously disregard an excessive risk to plaintiff's health.

---

[1] Plaintiff also alleged in his complaint that the defendants retaliated against him for filing grievances and that defendant Wright was deliberately indifferent to his medical needs. However, these claims were not raised in his appellate brief and are deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in a civil appeal filed by a *pro se* appellant, that issues not raised in an appellate brief are abandoned).

Accordingly, we affirm for substantially the reasons stated by the Magistrate Judge in his comprehensive February 28, 2011 report and recommendation.

## CONCLUSION

We have considered all of the plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the July 21, 2011 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3