23-161-cv
Moncayo v. United Parcel Service, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
MYRNA PÉREZ,
*Circuit Judges.*

------------------------------------------------------------------

MIKE D. MONCAYO,

*Plaintiff-Appellant*,

v.                                                          No. 23-161-cv

UNITED PARCEL SERVICE, INC., UNITED
PARCEL SERVICE GENERAL SERVICES CO.,
LONNIE MISHOE, III,

*Defendants-Appellees.*

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | BRIAN J. ISAAC (Judith F. Stempler, Irwin J. Weinstein, *on the brief*), Harris Keenan & Goldfarb PLLC, New York, NY |
| FOR APPELLEES: | SETH M. WEINBERG, Mauro Lilling Naparty LLP, Woodbury, NY (Jamie H. Greenwood, Mauro Lilling Naparty LLP, Woodbury, NY; Steven P. Orlowski, Bleakley Platt & Schmidt, LLP, White Plains, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Mike Moncayo appeals from a May 24, 2023 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*), which dismissed his claim for state law negligence after a jury returned a verdict in favor of Defendants-Appellees United Parcel Service, Inc., United Parcel Service General Services Co. (together, "UPS"), and Lonnie Mishoe, III.   Moncayo's claim arose from a September 2017 accident in which he was struck while crossing the street by a UPS truck driven by Mishoe.   We assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

Moncayo challenges a number of the District Court's rulings: its exclusion of Moncayo's expert witness under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); its preclusion of certain non-expert evidence at trial; its order requiring Moncayo to present his jury summation first without an opportunity for rebuttal; and lastly, its denial of Moncayo's oral motion for a new trial, which argued that the jury's verdict was against the weight of the evidence.

## I.    Expert Witness

We affirm the District Court's exclusion of Moncayo's expert witness, Dr. James Pugh.   We review a district court's exclusion of expert testimony under *Daubert* for abuse of discretion and will affirm unless its exclusion is "manifestly erroneous."   *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F. 3d 256, 264–65 (2d Cir. 2002).   Dr. Pugh opined that Moncayo would have been visible to Mishoe and that Mishoe was likely distracted by a nearby truck.   The District Court determined that Dr. Pugh's opinion did not rest on sufficient facts or data, as required by both Rule 702 of the Federal Rules of Evidence and *Daubert*, because he failed to consider Mishoe's height, Mishoe's seat position,

3

Moncayo's precise walking path, and the UPS truck's blind spots. The District Court also determined that Dr. Pugh's opinions on psychological and human factors, such as whether Mishoe was distracted, were not within his area of expertise (engineering and accident reconstruction).

Moncayo argues that the District Court's criticisms relate to the weight to be assigned to Dr. Pugh's opinion, not its admissibility. We disagree. District courts have "broad discretion" to "determin[e] what method is appropriate for evaluating reliability." *Id.* at 265. Here the District Court did not exceed its discretion when it determined that Dr. Pugh's opinions were neither "based on sufficient facts or data" nor "the product of reliable principles and methods," Fed. R. Evid. 702(b), (c), and that he was therefore not qualified as an expert in this case.

## II.    Evidentiary Rulings

We also review the District Court's evidentiary rulings for abuse of discretion. *See Browe v. CTC Corp.*, 15 F.4th 175, 207 (2d Cir. 2021). We affirm each of the rulings challenged on appeal. First, the District Court was within its discretion to exclude testimony about the lack of convex mirrors on the truck. Moncayo maintained that Mishoe was not paying attention while driving his

truck and that UPS is vicariously liable as Mishoe's employer. Moncayo never maintained that UPS was itself negligent in failing to ensure that the truck had the appropriate safety equipment. We accordingly see no error in the District Court's decision to exclude the testimony about convex mirrors because it was irrelevant and would confuse the jury.

As for the District Court's decision to exclude the post-incident photographs of the truck, Moncayo concedes that the photographs depict damage to the truck that was not present on the day of the incident. The District Court thus did not abuse its discretion in excluding these photographs as prejudicial because it determined that they would likely mislead the jury. And while Moncayo identifies a photograph that does not depict any post-incident damage, he does not explain how the exclusion of this single photograph amounted to more than harmless error—to the extent that there was any error—especially since other photos of the truck taken on the day of the incident had been admitted into evidence. *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 137 (2d Cir. 2023).

We also conclude that the District Court acted within its discretion to exclude the portion of the security video depicting the events that occurred after

the initial collision. Because the liability portion of the trial concerned the negligence of Moncayo and Mishoe up to the point of contact, the District Court was entitled to conclude that the risk that showing the portion of the video after the collision would confuse the jury substantially outweighed its probative value.

For these reasons, we affirm the District Court's evidentiary rulings.

### III.   Order of Summation

Moncayo next challenges the District Court's order requiring Moncayo to make his jury summation first and denying him rebuttal time. Trial management issues are reviewed for abuse of discretion. *United States v. Yakobowicz*, 427 F.3d 144, 150 (2d Cir. 2005). Here, the applicable local rule of the Southern and Eastern Districts of New York provides that "[a]fter the close of evidence in civil trials, the order of summation shall be determined in the discretion of the Court." S.D.N.Y. & E.D.N.Y. Local R. 39.2. The rule does not require that the defendant, in a civil case, present summation arguments first or that the plaintiff be permitted to rebut. We therefore see no reversible error in the District Court's order. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("[Plaintiff-appellant] contests solely the district court's interpretation

6

and application of its own local rule, a ruling to which we must accord considerable deference.").

## IV. New Trial

Finally, we turn to the District Court's denial of Moncayo's post-verdict motion for a new trial on the basis that the verdict was against the weight of the evidence. There are conflicting precedents in this circuit regarding whether we can even review such a denial. *Compare Rasanen v. Doe*, 723 F.3d 325, 330 (2d Cir. 2013) ("[A] district court's denial of a motion for new trial on weight-of-the-evidence grounds is not reviewable on appeal."); *Ferreira v. City of Binghampton*, 975 F.3d 255, 265 (2d Cir. 2020) (declining to review such a motion), *with ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 99 (2d Cir. 2014) (reviewing a district court's denial of a motion for new trial on weight-of-the-evidence grounds). We need not resolve this conflict today because, even assuming that such a denial is reviewable, Moncayo has not shown that the verdict should be vacated.

"A decision is against the weight of the evidence if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417–18 (2d Cir. 2012) (cleaned up). "[W]hen, as here, a

7

verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should not be disturbed . . . ." *ING Glob.*, 757 F.3d at 99 (quotation marks omitted).

Mishoe testified that his ordinary practice is to scan from one corner of an intersection to another and that he did not and could not see Moncayo based on Moncayo's approach and positioning. Likewise, UPS's expert testified that Moncayo's angle of approach was rare and that there is a blind spot in front of the truck where Moncayo was located. Furthermore, Moncayo acknowledged in his trial testimony that he crossed the street away from the crosswalk. Based on this record, we cannot conclude that the jury's verdict was seriously erroneous or a miscarriage of justice because the verdict is supported by evidence—most of which required the jury to assess the credibility of the witnesses' testimony. Accordingly, the District Court did not err in denying Moncayo's motion for a new trial.

We have considered Moncayo's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9