SUMMARY ORDER

Plaintiff-Appellant Kenneth Light appeals from the January 30, 2007 judgment of the United States District Court for the Southern District of New York (Pauley, J.) dismissing his complaint for lack of personal jurisdiction. We assume the parties’ familiarity with the underlying facts, the procedural history of the case and the issues on appeal.
The Court reviews a district court’s dismissal for lack of personal jurisdiction de novo. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir.1997). In opposing a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden. See Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir.2005).
[1] Light failed to demonstrate that Taylor consented to New York jurisdiction by entering a user agreement with Corbis. Forum selection clauses are enforced only when they encompass the claim at issue. See Roby v. Corporation of Lloyd’s, 996 F.2d 1353, 1361 (2d Cir.1993). The relevant clause here applies only to disputes “regarding” the agreement. Light’s copyright claims are not governed by the forum selection clause because they *84 do not encompass a dispute with respect to the Corbis agreement.
[2] New York’s long-arm statute, N.Y. C.P.L.R. 302(a)(3)(ii), provides that a court may exercise personal jurisdiction over a non-domiciliary who commits a tor-tious act outside of New York, causing an injury to a person or property within New York, if the non-domiciliary “expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.” See N.Y. C.P.L.R. 302(a)(3).
Taylor’s alleged infringement arguably caused an injury in New York, as the impairment of the value of Light’s copyright could cause him to lose business opportunities in New York. See Sung Hwan Co. v. Rite Aid Corp., 7 N.Y.3d 78, 85, 817 N.Y.S.2d 600, 850 N.E.2d 647 (2006) (noting that under New York law, “a tortious act committed out of state that was likely to cause injury through loss of business in state was sufficient to satisfy personal jurisdiction”). However, Light has failed to show that Taylor derives substantial revenue from interstate commerce. Taylor was employed by an insurance company in Michigan and sold only $1,500 worth of merchandise online over five years. See Murdock v. Arenson Int'l USA, Inc., 157 A.D.2d 110, 554 N.Y.S.2d 887, 889 (1st Dep’t 1990) (concluding that $9,000 of sales in New York did not amount to substantial revenue); Parker v. Green, 63 A.D.2d 977, 406 N.Y.S.2d 112, 113 (3d Dep’t 1978) (court did not have jurisdiction over defendant when his sale of the goods- at issue “representfed] a very small percentage of his total income from all sources”). Although the amount Taylor earned from Google advertising was not produced during discovery, nothing in the record indicates that it might support jurisdiction, Light having acknowledged during oral argument at the district court that the amount of revenue was “relatively low.”
Light has abandoned his claim that jurisdiction over Taylor is appropriate under 302(a)(1) by failing to raise this argument on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995). We have considered all of Light’s arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.