09-1154-cv
Divers v. Metro. Jewish Health Sys.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of June, two thousand and ten.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CATHERINE DIVERS,

>        *Plaintiff-Appellant,*

>        -v.-                                        No. 09-1154-cv

METROPOLITAN JEWISH HEALTH SYSTEMS and TERESA CAMBRINI,

>        *Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Catherine Divers, *pro se,* Rochester, NY.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**FOR DEFENDANTS-APPELLEES:**        Michael J. DiMattia and Philip A. Goldstein, McGuireWoods LLP, New York, NY.


Appeal from a January 14, 2009 judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**


*Pro se* plaintiff Catherine Divers, a black, heterosexual female, brought this action against defendants, Metropolitan Jewish Health Systems ("MJHS") and Teresa Cambrini, alleging employment discrimination based on her race and sexual orientation in violation of the Civil Rights Act of 1861, 42 U.S.C. § 1981, denial of medical leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* and several other violations of state and city law. The District Court granted defendants' motion for summary judgment with respect to Divers' federal claims on January 14, 2008. Divers filed a timely appeal of that order.[2] On appeal, Divers also alleges that she was incompetently represented by her attorney in the proceedings below. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010). We analyze discrimination claims using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Having conducted an independent and *de novo* review, we hold, for substantially the reasons stated by the District Court in its well-reasoned opinion, *see Divers v. Metro. Jewish Health Sys.,* No. 06-CV-6704 (RRM) (JMA), 2009 WL 103703 (E.D.N.Y. Jan. 14, 2009), that Divers failed to establish a *prima facie* case of discrimination with respect to her employment discrimination claim.

Finally, Divers' concerns with respect to the competency of her counsel in the proceedings below are misplaced. It is well settled that the Sixth Amendment right to counsel does not apply in civil cases. *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). Any concerns Divers has regarding her attorney's performance must be raised in a separate malpractice proceeding. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented on January 7, 2008 to have a United States magistrate judge conduct all of the proceedings in this case, including the trial, entry of final judgment, and conduct all post-judgment proceedings.

[2] Because Divers does not challenge the dismissal of her FLMA claim, or the dismissal without prejudice, of her state and city law claims, any argument as to those issues is abandoned. *See, e.g., LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

**CONCLUSION**

We have considered each of Divers' arguments on appeal and conclude that they are without merit. Accordingly, for the foregoing reasons the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court