09-4149-pr
Thompson v. Grey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges*,
          RICHARD W. GOLDBERG,
                    *Judge*.*

_____

PAUL THOMPSON,

                    *Appellant*,

          -v.-                                    09-4149-pr

DETECTIVE TIMOTHY GREY, *et al.*,

                    *Appellees*.**

_____

_____

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

\** The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANT:     PAUL THOMPSON, *pro se*, Comstock, NY.

FOR APPELLEE:     LARRY A. SONNENSHEIN and SHLOMIT AROUBAS, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from an August 26, 2009 judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Appellant appeals, *pro se*, from a judgment of the United States District Court for the Eastern District of New York, which granted appellees' motion to dismiss his complaint brought pursuant to 42 U.S.C. § 1983. Appellant's complaint alleged violations under the Sixth and Fourteenth Amendments, as well as allegations of false arrest and malicious prosecution. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Upon a *de novo* review of the record, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences" in favor of the appellant, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), we conclude

2

that the district court properly dismissed all of appellant's claims.[1]

As the district court properly recognized, there is no cause of action for the state's failure to prosecute another person under section 1983. *Thompson v. Grey*, No. 08 Civ. 4499 (JBW), 2009 WL 2707397, at *2 (E.D.N.Y. Aug. 26, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Appellant's false arrest and malicious prosecution claims also fail. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

We have considered all of appellant's contentions on appeal, and find them to be without merit. Therefore, for substantially the reasons stated by the district court, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] On appeal, appellant does not challenge the district court's dismissal of his claim against the Corporation Counsel of the City of New York or the Richmond County District Attorney's Office. We therefore deem those claims abandoned. *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).