11-672-cv
Catanzaro v. City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand twelve.

PRESENT: GUIDO CALABRESI,
                 ROBERT D. SACK,
                 REENA RAGGI,
                     *Circuit Judges.*

-----------------------------------------------------------------------
INNOCENZO CATANZARO, MOUSTAFA FAWZY,
                 *Plaintiffs-Appellants*,


              v.                               No. 11-672-cv


CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, ROBERT AVALTRONI, individually, MICHAEL GILSENAN, individually, GREGORY HOAG, individually, ZOEANN CAMPBELL, individually, EDWARD SKYLER, individually, JAMES HANLEY, individually, CASWELL HOLLOWAY, individually,
                 *Defendants-Appellees*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANTS:      STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York.

APPEARING FOR APPELLEES:          SUSAN PAULSON (Francis F. Caputo, *on the brief*), Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 26, 2011, is AFFIRMED.

Plaintiffs Innocenzo Catanzaro and Moustafa Fawzy appeal an award of summary judgment in favor of the City of New York, the New York City Department of Environmental Protection ("DEP"), and various City officials, on claims that they retaliated against plaintiffs for exercising their First Amendment rights to freedom of speech.[1] See 42 U.S.C. § 1983. We review an award of summary judgment <u>de novo</u>, construing the facts in the light most favorable to the non-moving party and resolving all ambiguities and drawing all reasonable inferences against the movant. See <u>Pucino v. Verizon Wireless Commc'ns, Inc.</u>, 618 F.3d 112, 117 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Plaintiffs do not challenge the district court's dismissal or award of summary judgment for defendants on the numerous other federal and New York State law claims they raised in their amended complaint, accordingly we deem plaintiffs' other claims abandoned on appeal. See <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92–93 (2d Cir. 1995).

"To survive a motion for summary judgment on a First Amendment retaliation claim in the public employment context, the plaintiff must present evidence which shows [1] that the speech at issue was protected, [2] that he suffered an adverse employment action, and [3] that there was a causal connection between the protected speech and the adverse employment action." Nagle v. Marron, 663 F.3d 100, 105 (2d Cir. 2011) (internal quotation marks omitted). Public-employee speech is protected by the First Amendment only when the public employee "speaks as a citizen and not . . . as [an] employee. Statements made pursuant to official duties are not protected." Id. at 106 (citing Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)). The determination whether an employee spoke as an employee and not as a citizen is "largely a question of law for the court." Jackler v. Byrne, 658 F.3d 225, 237 (2d Cir. 2011).

Here, Fawzy, former Director of DEP's Division of Emergency Response and Technical Assistance Unit ("DERTA"), and Catanzaro, former Deputy Director of DERTA and Director of DERTA's Hazardous Materials Unit, claim First Amendment protection for their complaints about the City's failure to classify DERTA employees as first-responders and to give them regular medical evaluations. Nearly all of the complaints in question were made internal to DEP and DERTA. Specifically, plaintiffs claim that they told their supervisors in October 2007, August 2008, and January 2009, that they would not order subordinates to perform assigned first-responder tasks unless these subordinates were officially designated as first-responders and received corresponding benefits and training.

3

They also raised these concerns with DERTA union representatives in 2007 and 2008, including the president of the union in December 2008. Fawzy and Catanzaro identify two occasions when they directed their complaints outside of DEP and DERTA: (1) complaints filed with the New York State Department of Labor's Public Employee Safety and Health Bureau ("PESH") in January and February 2009, and (2) a telephone call Fawzy had with a member of the City Council at some point between 2007 and 2009.

We conclude, like the district court, that plaintiffs' internal complaints were made as employees rather than as citizens and were "part-and-parcel of [their] concerns about [their] ability to properly execute [their] duties" as supervisors of DERTA. Weintraub v. Bd. of Educ., 593 F.3d 196, 203 (2d Cir. 2010) (internal quotation marks omitted). Indeed, Fawzy informed his supervisors that he believed that it would be "illegal" for him to instruct his subordinates to carry out assigned tasks until the cited concerns were addressed, Fawzy Dep. at 125:18–21, and Catanzaro explained that DERTA employees would be unable to fulfill their assigned tasks without the benefits and protections a first-responder designation would provide.

The external complaints raise different questions about the scope of Fawzy's and Catanzaro's official duties. We need not, and do not, reach these questions, as plaintiffs have failed to show the required causal connection between any possibly protected speech and any alleged adverse employment action. To make a prima facie case with respect to causation, a plaintiff must show that the record "warrant[s] the inference that the protected speech was

4

a substantial motivating factor in the adverse employment action." Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007) (internal quotation marks omitted). Where a plaintiff has not alleged a specific connection between protected speech and an adverse action, "causality can be shown through a close temporal proximity between the employer's awareness of protected conduct and the adverse action." Nagle v. Marron, 663 F.3d at 110 (internal quotation marks and brackets omitted).

Plaintiffs have not presented any evidence that defendants were aware of Fawzy's call to the City Council member so as to suggest a causal relationship between the call and the alleged adverse employment actions. Rather, Fawzy testified that he did not "push for" public City Council hearings regarding his concerns during the call because he was waiting to see if his efforts to persuade his superiors in City government would bear fruit. Fawzy Dep. at 72:15–19. Nor have Fawzy and Catanzaro established a prima facie case that DEP retaliated against them for the PESH complaint. Even if supervisors at DEP knew that plaintiffs had made the PESH complaint—the record does not clearly establish that they did—plaintiffs do not raise a genuine issue of material fact as to whether this complaint, on its own, was a substantial motivating factor in the alleged adverse employment actions, particularly in light of plaintiffs' disruptive unprotected conduct. See Gubitosa v. Kapica, 154 F.3d 30, 32–33 (2d Cir. 1998) (per curiam) (concluding that short time between protected speech and termination was insufficient to establish causation where record established plaintiff's intervening misconduct).

5

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court