11-2223-cv
Cherry v. N.Y.C. Transit Auth.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of July, two thousand twelve.

PRESENT:
        AMALYA L. KEARSE,
        ROSEMARY S. POOLER,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*

_____

Chris Cherry,

        *Plaintiff-Appellant*,

        v.                                         11-2223-cv

New York City Transit Authority,

        *Defendant-Appellee*.

_____

FOR APPELLANT:        Chris Cherry, *pro se*, Brooklyn, N.Y.

FOR APPELLEE:        Kristen Nolan, New York City Transit Authority, Brooklyn, N.Y.

Appeal from an order of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**, and the motion for appointment of counsel is **DENIED**.

Chris Cherry, *pro se*, appeals from the district court's memorandum and order, dated April 8, 2011, denying his motion to re-open, which was construed by the district court as a motion seeking relief under Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Cherry does not advance any coherent argument on appeal as to why the district court erred in refusing to grant his motion. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (noting that while "appellate courts generally do not hold *pro se* litigants rigidly to . . . formal briefing standards," "we need not manufacture claims of error for an appellant proceeding *pro se*").

We note only that while Federal Rule of Civil Procedure 60(b) permits a "court [to] relieve a party . . . from a final judgment" under certain circumstances, a claim that a judgment should be set aside because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "misconduct by an opposing party" must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b), (c). Cherry's motion to re-open was filed more than seven years after the judgment against him was entered.

Accordingly, the order of the district court is hereby **AFFIRMED**, and the motion for appointment of counsel is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk