Weaver v. Indymac Fed. Bank, FSB

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

EVERETTE WEAVER,

> *Plaintiff-Appellant*,

v.                                                                       No. 11-4652

INDYMAC FEDERAL BANK, FSB, Now Known As ONE WEST BANK, FSB, f/k/a INDYMAC BANK, FSB,

> *Defendant-Appellee*,

HOULIHAN LAWRENCE REAL ESTATE, INC., JOHN OLIVEIRA,

> *Defendants-Cross Defendants-*
> *Appellees*,

JOAN DAVIES,

> *Defendant-Cross Claimant-*
> *Cross Defendant-Appellee*,

CLOVE BRANCH ROAD, LLC, KEVIN P. BARRY, Attorney at Law,

*Defendants-Cross Defendants-*
*Cross Claimants-Appellees.*

_____

For Plaintiff-Appellant:  Everette Weaver, *pro se*, Hopewell Junction, NY.

For Defendants-Appellees:  Scott Kossove, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, *for defendants-appellees Houlihan Lawrence Real Estate, Inc., John Oliveira*; Glenn Alan Kaminska, Ahmuty, Demers &  McManus, Albertson, NY, *for defendant-appellee Joan Davies*; Kevin Dennehy Slakas, New York, NY, *for defendant-appellee Clove Branch Road, LLC*; Michael Paul Kandler, Callan, Koster, Brady & Brennan, LLP, New York, NY, *for defendant-appellee Kevin P. Barry*.  No appearance *for defendant-appellee Indymac Federal Bank, FSB, Now Known As One West Bank, FSB, f/k/a Indymac Bank, FSB.*

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Owen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

Appellant Everette Weaver, proceeding *pro se*, appeals from the district court's orders (1) granting several defendants' motions to dismiss or for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c); (2) dismissing his claims against Indymac Federal Bank, FSB for lack of subject matter jurisdiction; and (3) directing the district court clerk to "terminate" his motion to amend his first amended complaint based on Weaver's failure to comply with the court's individual practice rules.  Weaver also moves to supplement the

2

record on appeal, and for the Court to take judicial notice of certain documents. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual allegations [in the complaint] as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). We review the grant of a Rule 12(c) motion for judgment on the pleadings under the same standard. *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). A district court's dismissal of a claim for lack of subject matter jurisdiction is also reviewed *de novo*. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010) (per curiam).

Weaver has forfeited any challenge to the district court's dismissal of his amended complaint, as he does not address in his appellate brief any of the issues addressed by the district court, and, instead, merely reiterates his factual allegations and raises new claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned); *see also Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)). In any event, an independent review of the record and relevant case law and statutory provisions reveals that the district court properly adopted the magistrate judge's recommendations to dismiss Weaver's claims, and, thus, we affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in her thorough June 2010 and February 2011 reports and recommendations.

3

With respect to Weaver's motion for leave to amend his amended complaint, this Court reviews the denial of a motion to amend, which was the practical effect of the district court's termination of his motion, for abuse of discretion. *See Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010). We conclude that the district court did not abuse its discretion in terminating Weaver's motion to amend, especially since he provided no explanation as to why he was unable to raise those claims earlier. Furthermore, a review of Weaver's proposed claims reflects that they are essentially recharacterizations of the claims in his first amended complaint, and, thus, would suffer from the same defects as those claims. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("Leave to amend is especially inappropriate where . . . proposed amendments [are] merely recycled versions of claims which ha[ve] already fallen victim to a motion to dismiss."). Thus, we also affirm the district court's order terminating Weaver's motion to amend.

We have considered all of Weaver's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court. It is further **ORDERED** that Weaver's motion to supplement the record and for this Court to take judicial notice is **DENIED**, as we generally do not consider materials on appeal that were not before the district court, *see Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975), and do not find that extraordinary circumstances warranting the review of such materials exist in this case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4