Bronzini v. Classic Security, L.L.C.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge.*[*]

---

EIMONT BRONZINI,

> *Plaintiff-Appellant*,

v.                                                                 No. 13-2003-cv

CLASSIC SECURITY, L.L.C.,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Eimont Bronzini, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Andrew W. Singer and Maryann C. Stallone, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY.

---

[*]The Hon. Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Eimont Bronzini ("Bronzini"), proceeding *pro se*, appeals from the District Court's order granting summary judgment in favor of Defendant-Appellee Classic Security, L.L.C. ("Defendant"), on his employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision to affirm.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). At the summary judgment stage, we analyze discrimination claims under the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003) (applying *McDonnell Douglas* to Title VII claims); *Tomassi v. Insignia Fin. Group, Inc.*, 478 F.3d 111, 114-15 (2d Cir. 2007) (applying *McDonnell Douglas* to ADEA claims).

Having conducted an independent and *de novo* review of the record, we conclude, for substantially the same reasons as are stated by the District Court in its April 17, 2013 order, that

2

summary judgment was appropriate in this case. Bronzini failed to offer evidence from which a reasonable fact-finder could conclude that Defendant's non-discriminatory, legitimate business reasons for the alleged employment actions were mere pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981); *McDonnell Douglas*, 411 U.S. at 802-04; *see also Fisher v. Vassar Coll.*, 70 F.3d 1420, 1433 (2d Cir. 1995) (stating that a plaintiff must show not only that "the defendant's legitimate, non-discriminatory reason for its employment decision is pretextual," but also that "the reason was false, and that discrimination was the real reason").[1]

Further, to the extent Bronzini argues that the District Judge abused her discretion by refusing to recuse herself from this case, we disagree. Bronzini provided no substantiation for his accusations of bias. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) (denial of a motion for recusal is reviewed for abuse of discretion); *see also* 28 U.S.C. § 455(a) ("Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").

We have considered all of Bronzini's remaining arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The District Court also analyzed – and ultimately rejected – the discrimination and retaliation claims that Bronzini made under state and local law. Our review of the record and operative complaint, however, reveals that Bronzini did not assert any state or local claims in the proceedings below. *See* App'x at 185. Bronzini's appellate brief, moreover, makes no mention of any such claims. We therefore conclude that he has either abandoned those claims or never meant to assert them in the first place. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

3