13-2647-bk
Shah v. Motors Liquidation Company GUC Trust

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                       *Circuit Judges*.

_____

In the Matter of:
MOTORS LIQUIDATION COMPANY,

                       *Debtor*.

_____

ATUL C. SHAH,

                       *Appellant*,

             -v-                                          13-2647-bk

MOTORS LIQUIDATION COMPANY GUC TRUST,

                       *Appellee*.

_____

Appearing for Appellant:      Atul C. Shah, Troy, MI.

Appearing for Appellee:       Jeffrey Rhodes, Dickstein Shapiro LLP, Washington, D.C.

       Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of said District Court be and it hereby is **AFFIRMED**.

Appellant Atul Shah, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) affirming the judgment of a bankruptcy court disallowing his proof of claim. Shah had asserted claims for violations of his First Amendment rights; discrimination on the basis of race, national origin, religion, and age under Title VII of the Civil Rights Act of 1964, the Michigan Elliot Larsen Civil Rights Act, and the Age Discrimination in Employment Act of 1967; as well as unlawful retaliation in violation of Title VII. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, review *de novo* the bankruptcy court's legal conclusions, and accept the bankruptcy court's factual findings unless clearly erroneous. *See In re Fairfield Sentry Ltd.*, 714 F.3d 127, 132 (2d Cir. 2013).

Here, an independent review of the record and relevant case law reveals that the bankruptcy court properly disallowed Shah's proof of claim. We affirm substantially for the reasons stated by the bankruptcy court in its thorough and well-reasoned order. As Shah did not raise any substantive arguments with respect to his First Amendment claim, he has therefore abandoned this claim on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered all of Shah's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk