Farland v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fifteen.

PRESENT:
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges,*
        CHRISTINA REISS,[*]
           *Chief District Judge.*

---

Janie Marie Farland,

        *Plaintiff-Appellant*,

    v.                         14-4436

United States of America,

        *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JANIE MARIE FARLAND, pro se, Farmingdale, NY. |
| **FOR DEFENDANT-APPELLEE:** | JAMES H. KNAPP and Varuni Nelson, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States |

---

[*] The Honorable Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Janie Marie Farland, proceeding pro se, appeals the district court's grant of summary judgment in favor of the United States on her medical malpractice claim under the Federal Tort Claims Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Farland has abandoned appellate review of her medical malpractice claim by explicitly disavowing that claim in her brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). However, because "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis omitted), we construe Farland's filings in the district court to raise a battery claim.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 343 (2d Cir. 1999)). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins.*

*Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court properly granted summary judgment in favor of the United States. Farland failed to produce any evidence to suggest the examining physician had an intent to cause bodily contact that a reasonable person would find offensive, an element required to make out a battery claim. *See Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 134 (2d Cir. 2005). She also failed to submit competent medical testimony that would allow a trier of fact to find that her examination breached the applicable standard of care. *See Sitts v. United States*, 811 F.2d 736, 739 (2d Cir. 1987). Accordingly, even were we to consider Farland's medical malpractice claim, we would affirm for substantially the same reasons stated in the district court's thorough order.

We have considered all of Farland's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3