*Michael G. Bouchard v. Michael C. Olmsted, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> EDGARDO RAMOS,
> > *District Judge*.[*]

---

MICHAEL G. BOUCHARD,

> *Plaintiff-Appellant*,

> v.                                                          18-1658

MICHAEL C. OLMSTED, Assistant United States Attorney for the Northern District of New York (named in his individual capacity and his official capacity), UNITED STATES DEPARTMENT OF JUSTICE, TAMARA THOMSON, Assistant United States Attorney for the Northern District of New York (named in her individual capacity and her official capacity), RICHARD SAMUEL HARTUNIAN, Former United States Attorney for the Northern District of New York (named in his individual capacity and his

---

[*] Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

official capacity),

     *Defendants-Appellees*.

_____

| For Plaintiff-Appellant: | MICHAEL G. BOUCHARD, *pro se*, Latham, NY. |
| For Defendants-Appellees: | KAREN FOLSTER LESPERANCE, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY. |

Appeal from an April 4, 2018 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On October 18, 2017, Plaintiff-Appellant Michael Bouchard, a former attorney proceeding *pro se*, sued the United States Department of Justice ("DOJ") and three federal prosecutors of the United States Attorney's Office for the Northern District of New York ("NDNY") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Bouchard alleged that the defendants retaliated against him in violation of his First Amendment rights after he publicly disseminated a letter to the United States Attorney General requesting the appointment of a special prosecutor to investigate alleged illegal conduct by NDNY prosecutors. On April 4, 2018, the district court (Kahn, *J.*) granted the defendants' motion to dismiss Bouchard's complaint. Bouchard timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### Discussion

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). To survive a motion to dismiss, the plaintiff's complaint must plead "enough facts to state a claim to relief that is

2

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We may affirm the district court on any basis supported by the record, "including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The parties dispute whether *Bivens* authorizes an implied cause of action for damages against individual officers for violations of the First Amendment. The government notes the relevance of the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), which articulated a new test for determining the availability of *Bivens* claims and stated that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Bouchard counters that even under the new *Abbasi* framework, his claim should go forward. We need not address these arguments, however, in order to resolve the instant case. Even assuming without deciding that Bouchard has a valid cause of action under *Bivens* and *Abbasi*, we conclude that the district court properly dismissed Bouchard's claims on prosecutorial immunity and statute-of-limitations grounds.

Prosecutors are entitled to absolute immunity with respect to their "prosecutorial functions," which include their actions "as advocates and when their conduct involves the exercise of discretion." *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011) (citing *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). This immunity "serves the policy of protecting the judicial process," which in turn provides defendants with "a check on prosecutorial actions." *Burns v. Reed*, 500 U.S. 478, 492 (1991). Accordingly, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case," but has "withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness." *Flagler*, 663 F.3d at 547 (footnotes omitted). To the extent that a *Bivens*

3

cause of action is available for First Amendment retaliation claims, such claims are subject to a three-year statute of limitations and accrue when the plaintiff "either has knowledge of his or her claim or has enough information that a reasonable person would investigate and discover the existence of a claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015).

Bouchard first contends that the NDNY prosecutors did not exercise their "prosecutorial functions" when they advocated for a harsher sentence based on his speech. But advocacy during sentencing proceedings—both in the courtroom and in communications with the Probation Office—falls within the "traditional functions of an advocate" subject to absolute immunity. *Kalina*, 522 U.S. at 131; *see also Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149–50 (2d Cir. 1995) ("[S]ince we have previously said that conduct in a 'sentencing proceeding' would be protected by absolute prosecutorial immunity, and also that actors preparing and presenting presentence reports should receive absolute immunity, we are bound to hold that a prosecutor's communications with other officials directly pertaining to matters of sentencing are entitled to absolute immunity." (citations omitted)). The activities described above are subject to absolute immunity even if, as Bouchard alleges here, the prosecutor acted with an improper motivation. *See Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (holding that "a prosecutor's motivation" is "irrelevant" to determining whether a prosecutor has absolute immunity against a claim).[1]

---

[1] Bouchard relies on *Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996), to argue that the prosecutors acted outside their prosecutorial capacity in advocating a harsher sentence. But that case is inapposite. In *Doe*, this Court found absolute prosecutorial immunity unavailable where a prosecutor agreed to drop charges against a defendant on the condition that the defendant participate in a religious ceremony. In that context, the Court held that the prosecutor's demand was "not only . . . patently forbidden of government officials by the Constitution but also . . . distinctly outside the realm of a prosecutor." *Id.* at 1211. By contrast, the conduct at issue here—advocacy during sentencing proceedings—is distinctly within that realm.

4

Next, Bouchard argues that the defendants lack immunity with respect to their alleged demand, through Bouchard's defense attorney, that Bouchard remove information from his website. Construing all facts in Bouchard's favor, we assume without deciding that this act fell outside the defendants' "prosecutorial functions." Nevertheless, even if the defendants are not entitled to absolute immunity with respect to this act, Bouchard's claim is untimely. Bouchard alleged that he learned of the prosecutors' demand during his November 2012 trial, but he filed the present action nearly five years later, well outside the three-year statute of limitations applicable to First Amendment *Bivens* claims. *See Gonzalez*, 802 F.3d at 220.

Finally, Bouchard argues that the defendants are not immune from suit for their role in supervising others responsible for the alleged retaliatory acts. As the district court correctly held, suits challenging the training and supervision of prosecutors are barred by absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009) (holding absolute prosecutorial immunity applies to a claim that a prosecutor's "supervision, training, or information-system management was constitutionally inadequate"). The district court thus properly found that all of Bouchard's claims against the individual defendants in their individual capacities were barred by either absolute prosecutorial immunity or the relevant statute of limitations.[2]

\* \* \*

---

[2] Bouchard does not contest the district court's holding that his claims against DOJ and the individual defendants in their official capacities were barred by sovereign immunity, or its decision that further leave to amend his complaint would be futile. These issues are therefore abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

We have considered Bouchard's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk