20-1335-cv
Fu v. Consol. Edison Co. of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

Anna Fu,

> *Plaintiff-Appellant*,

v.                                                                          20-1335

Consolidated Edison Company of New York, Inc.,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:              Anna Fu, pro se, New Hyde Park, NY.

FOR DEFENDANT-APPELLEE:              Paul Limmiatis, Richard A. Levin, Consolidated Edison Company of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2016, through counsel, Appellant Anna Fu sued her former employer, Consolidated Edison Company of New York ("Con Edison"), asserting race discrimination, age discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as interference with her rights under the Family Medical Leave Act ("FMLA"). In 2017, Fu's counsel withdrew and she proceeded pro se. In 2020, the district court granted summary judgment to Con Edison on all claims except for the NYCHRL claims, over which it declined to exercise supplemental jurisdiction, having dismissed all federal claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Discrimination Under Title VII and the ADEA

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e–2(a)(1). The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," where that individual is "at least 40 years of age." 29 U.S.C. §§ 623(a)(1), 631(a).

Discrimination claims under both Title VII and the ADEA are analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128–29 (2d Cir. 2012) (ADEA). First, the plaintiff must establish "a *prima facie* case of discrimination by showing that (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega*, 801 F.3d at 83 (internal quotation marks omitted). Once an employee has made out a prima facie case, "[t]he burden then shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." *Id*. (quoting *McDonnell Douglas*, 411 U.S. at 802). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Id.* (internal quotation marks omitted).

3

Fu clearly established the first element of her race discrimination claim under Title VII because she is Asian, and the first element of her age discrimination claim under the ADEA because she was over 40 years old at the time of her termination. Although neither the district court nor Con Edison explicitly addressed whether she was qualified for her position, we assume for present purposes that she was, given that she maintained employment with Con Edison for over 30 years, including several years in the Senior Engineer role she held at the time of her termination. Fu clearly established the third element of her claims because she was terminated from her employment in May 2015. *See Vega*, 801 F.3d at 85 (stating that "termination of employment" constitutes an adverse employment action). We nonetheless conclude that the district court correctly granted summary judgment to Con Edison on Fu's race and age discrimination claims for the following reasons.

### A.      Race Discrimination

Fu's race discrimination claim fails because she did not present any evidence suggesting that her termination was in any way motivated by her race, as necessary to satisfy the fourth element of a prima facie case. She admitted in her deposition that her supervisors never made any statement regarding her race, and she did not present any evidence demonstrating a connection between her race and her termination. A party cannot defeat a motion for summary judgment with "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted). Because Fu did not establish this necessary element of a prima facie case, the district court correctly granted Con Edison summary judgment on her Title VII race discrimination claim.

4

## B.      Age Discrimination

As to Fu's age discrimination claim, Fu testified that in March 2015, her supervisor, Martin Paszek, told her that she was "too old."   Even assuming *arguendo* that this evidence satisfied Fu's burden as to the fourth element of a prima facie case, however, we agree with the district court that summary judgment was appropriate on this claim in light of the remaining steps in the *McDonnell Douglas* analysis.

Specifically, at the second step, Con Edison met its burden of articulating a nondiscriminatory reason for Fu's termination: her unsatisfactory work performance.   To satisfy its burden at this step, a defendant must articulate its nondiscriminatory reason "through the introduction of admissible evidence" and that reason must be "clear and specific."   *Bucalo,* 691 F.3d at 132 (internal quotation marks omitted).   Con Edison proffered ample admissible evidence that Fu was terminated for her unsatisfactory work performance.   She received a negative final performance review in March 2014, a full year before the March 2015 remarks on which she relies to establish her prima facie case.   Con Edison's documented dissatisfaction with her work performance, in two detailed performance reviews for the 2013 and 2014 calendar years, is sufficient to discharge it of its "burden of production under the second prong," and shift the burden back to Fu to demonstrate that this proffered reason was a pretext for age discrimination. *Holcomb v. Iona Coll.*, 521 F.3d 130, 141 (2d Cir. 2008).

Fu's ADEA claim fails at the third step of the *McDonnell Douglas* analysis, at which she was required to show that Con Edison's proffered reason for her termination was pretextual.   "To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."   *Gross v. FBL Fin.*

5

*Servs., Inc.*, 557 U.S. 167, 176 (2009).   In brief, Fu's testimony regarding a single incident of age disparaging remarks from someone who did not make the decision to fire her does not establish that Con Edison's extensive documentation of her poor work performance was merely a pretext for discrimination.   *See Henry v. Wyeth Pharms.*, 616 F.3d 134, 149 (2d Cir. 2010) (identifying factors to consider when determining whether a remark is probative to the adverse action against the plaintiff).   Accordingly, the district court correctly granted summary judgment to Con Edison on this claim.

## II.   Retaliation Under Title VII and the ADEA

Title VII makes it unlawful for an employer to discriminate against an employee "because he has opposed [a] practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a).   Similarly, the ADEA prohibits discrimination against an employee who "has opposed any practice made unlawful by [the ADEA]."   29 U.S.C. § 623(d).

Retaliation claims under Title VII and the ADEA, like discrimination claims, are analyzed under the *McDonnell Douglas* burden-shifting framework.   *Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 110 (2d Cir. 2010).   A prima facie case of retaliation is established by showing: "(1) [the employee] engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity."   *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (internal quotation marks omitted).   At the second step, "the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason

6

existed for its action." *Id*. (internal quotation marks omitted). At the third step, the burden shifts back to the plaintiff to "establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." *Id*. (internal quotation marks omitted).

Assuming *arguendo* that Fu established a prima face case of retaliation, we agree with the district court that Con Edison rebutted the presumption of retaliation at step two by presenting a nonretaliatory reason for her termination that Fu was unable to overcome at step three of the *McDonnell Douglas* framework. As previously discussed, Con Edison presented ample evidence to meet its burden at the second step of the analysis, demonstrating a legitimate reason for Fu's termination—her decline in work performance beginning in 2013—that is not retaliatory. Accordingly, the burden shifted back to Fu to demonstrate that Con Edison's proffered reason for her termination was a pretext for retaliation. Fu presented no direct evidence of retaliation to show that her termination "would not have occurred in the absence of the retaliatory motive" and at step three, unlike at the prima facie stage, she cannot rely on the inferences of timing alone. *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845–47 (2d Cir. 2013). In the absence of other evidence establishing that Fu's termination was retaliatory, the district court correctly granted summary judgment to Con Edison on her Title VII and ADEA retaliation claims.

## III. Interference with Rights Under the FMLA

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). To establish a prima facie case of interference with FMLA rights, "a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by

7

the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). We agree with the district court that no reasonable jury could find that Fu's FMLA leave was a factor in her firing. Fu did not allege, let alone show, that she was denied any request for FMLA leave, and the record demonstrates that Con Edison had a legitimate reason for her termination that was unrelated to her taking FMLA leave. Moreover, Fu admitted in her deposition testimony that she could not point to any comments that suggested there was any relationship between her leave and her termination. The district court therefore correctly granted summary judgment to Con Edison on Fu's claim of interference with her rights under the FMLA.

## IV.    Waiver of Remaining Claims

Fu has waived any challenge to the district court's determination of her NYSHRL and NYCHRL claims by failing to discuss these claims in her brief to this Court. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

We have considered all of Fu's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8