*Hubbuch v. Small*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-six.

PRESENT:
> **JOSÉ A. CABRANES,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**Edward B. Hubbuch,**

> *Plaintiff-Appellant,*

> v.                                                          **No. 25-956**

**Charles A. Small, in his official capacity as Chief Civil Clerk of Kings County Supreme Court, Joseph Leddo, in his official capacity as Supervisor of E-File/Motion Support for Kings County Supreme Court, Britney Redd, in her**

**listed capacity as Clerical Assistant for Kings County Supreme Court, John Doe(s), unknown court staff,**

*Defendants.*[1]

_____

FOR PLAINTIFF-APPELLANT: Edward B. Hubbuch, *pro se*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Edward B. Hubbuch, proceeding *pro se*, appeals the district court's judgment dismissing his complaint against several employees of the Kings County Supreme Court clerk's office. Before the district court, Hubbuch alleged that Defendants violated his constitutional right to due process and equal protection of the law by reclassifying his motions, setting unduly long return dates, entering judgment before the expiration of the return time on his motion for

---

[1] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

reconsideration, and refusing his requests for meetings with court employees. The district court dismissed the complaint with prejudice, holding that all defendants are entitled to absolute quasi-judicial immunity because their challenged acts constituted the performance of a judicial function. *See Hubbuch v. Small*, No. 25-cv-1003, 2025 WL 1099109, at *3–4 (E.D.N.Y. Apr. 14, 2025). Hubbuch argues that the district court erred by affording Defendants quasi-judicial immunity and by dismissing the complaint without affording him leave to amend. We disagree.[2]

## A. Quasi-Judicial Immunity

State judges are absolutely immune from damages actions arising from the

---

[2] Before the district court, Hubbuch also sought declaratory and injunctive relief against Defendants in their official capacities. Quasi-judicial immunity extends only to actions against defendants in their individual capacities. *See Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir. 2025). The district court did not address Hubbuch's claims against Defendants in their official capacities. *See Hubbuch*, 2025 WL 1099109, at *4–5. But even though we do not hold *pro se* appellants to rigid briefing standards, we also "need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Hubbuch does not address this issue on appeal. We thus do not consider whether the district court erred in dismissing the official-capacity claims and deem the issues forfeited. We do note, however, that insofar as Hubbuch sought relief from the state court's judgment, the district court was without subject matter jurisdiction to consider such claims. *See Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 83, 85 (2d Cir. 2005).

performance of a judicial function. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 123 (2d Cir. 2020). So, too, are court employees who perform "discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). This "quasi-judicial immunity," which absolutely protects court clerks in their performance of judicial functions, extends to the exercise of the court's inherent power to control its docket and the parties' filings. *See Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997). This is because such acts "are integral to the judicial process and [arise] directly from a case before the court." *Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir. 2025). Still, to claim the protection afforded by absolute immunity, a court employee must make "judgments [that] are 'functionally comparable' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (quotation marks omitted and alterations adopted)). And those judgments must be made with "the authorization or approval" of the judicial authority from which the immunity derives. *See Gross v. Rell*, 695 F.3d 211, 217 (2d Cir. 2012). Factors relevant to the inquiry include "(a) the need to assure that the individual can perform his functions without harassment or

4

intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985).

Hubbuch does not contest these principles but argues that they are conditioned upon an additional prerequisite: a court clerk's work being at the explicit direction of a presiding judge. But we have never required that a judge— let alone the presiding judge—directly supervise a quasi-judicial employee's every decision in order for that employee to benefit from absolute immunity. Instead, "the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties[.]'" *Antoine*, 508 U.S. at 435–36. It is routine for a court to delegate to its employees the judicial function of managing dockets and assigning cases, such that those employees act with "authorization or approval" in conducting their work, *cf. Gross*, 695 F.3d at 217, even if a judge does not directly supervise every discrete decision the employees make. Indeed, it would flip the doctrine on its head to require a court clerk merely execute a judge's

5

orders to be absolutely immune, when we have repeatedly emphasized that the immunity extends to "*discretionary* acts of a judicial nature." *Oliva*, 839 F.2d at 39 (emphasis added); *see also Burns v. Reed*, 500 U.S. 478, 500 (1991) (Scalia, J., concurring in the judgment in part and dissenting in part). To the contrary, it is only when a court employee performs a purely *ministerial* task that we ask whether that employee did so at the explicit direction of a judicial officer. *See Rodriguez*, 116 F.3d at 66–67. But when the court employee performs a "role . . . analogous to that of a judge," *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004), our inquiry is at its end.

Here, Hubbuch offers five categories of "documented improprieties" committed by the clerk's office in Kings County Supreme Court: (1) reclassifying his motion for reconsideration as a motion to vacate, (2) administratively sealing filings, (3) reassigning motions among judicial parts, (4) rejecting and delaying time-sensitive filings, and (5) refusing to accept certain other submissions. *See* Appellant's Br. 9. All are plainly judicial functions "integrally related to an ongoing judicial proceeding." *Mitchell*, 377 F.3d at 172. Moreover, Hubbuch concedes—and indeed, stresses—that Defendants exercised discretion in rejecting

6

his filings and assigning his motions. We thus need not inquire whether Defendants received explicit instructions to perform each challenged action, but only whether they acted with general judicial authority in ways "analogous to that of a judge." *Id.* And because Defendants' actions in this case were performed in the context of adversarial litigation from which aggrieved litigants may appeal adverse procedural decisions, the *Cleavinger* factors weigh strongly in favor of absolute quasi-judicial immunity. *See* 474 U.S. at 202; *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Rodriguez*, 116 F.3d at 66–67 (affording absolute immunity to court clerks whose performance of judicial functions allegedly frustrated the plaintiff's ability to appeal). The district court thus did not err in affording Defendants quasi-judicial immunity to damages.

## B. Leave to Amend

Hubbuch also argues that, even if his complaint is defective, the district court erred by not affording him leave to amend. "[A] *pro se* complaint is to be read liberally," and thus a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171

7

F.3d 794, 795 (2d Cir. 1999) (quotation marks omitted). But here, the defect in Hubbuch's complaint "is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Indeed, Hubbuch argues only that, if permitted to amend his complaint, he would offer additional evidence "clarifying the independent nature of the clerks' actions, including how their conduct obstructed judicial access and circumvented neutral process." Appellant's Br. 34–35. Doing so would not affect Defendants' entitlement to absolute quasi-judicial immunity. The district court thus did not err in dismissing Hubbuch's complaint without affording him leave to amend.

*       *       *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8